FILED'09 OCT 21 15:03 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEFANIE RILEY, | ) | CV 09-1019-PA |
| | ) | |
| Petitioner, | ) | **TEMPORARY RESTRAINING ORDER** |
| v. | ) | ***NE EXEAT*** |
| | ) | |
| JOSEPH DANIEL GOOCH; TED | ) | **(ISSUED EX PARTE)** |
| DUELL; AND BONNIE DUELL, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**PANNER, Judge.**

Petitioner Stefanie Riley brings this petition under the Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct 1980 ("The Convention"), and the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq*, which implements The Convention within the United States. Presently before the Court is Petitioner's Request for a Temporary Restraining Order *ne exeat* to ensure that a minor child, identified herein by the initials ZVG,[1] remains in Oregon until the Court can hear the merits of the matter.

---

1 The parties know the child's full name. The Court sees no reason to make it public at this time.

1 - TEMPORARY RESTRAINING ORDER *NE EXEAT* (EX PARTE)

Petitioner states that in 2007 she gave birth to ZVG, and that Respondent Joseph Gooch is the child's father. Respondents Ted and Bonnie Duell reportedly are the parents of Joseph Gooch.

Petitioner states that ZVG was born in Germany. For a time during 2008, Petitioner Riley, Respondent Gooch, and ZVG temporarily resided with Ted and Bonnie Duell in Klamath County, Oregon. After mesne events and temporary habitations, Petitioner went back to Germany to care for her ill mother.

Petitioner alleges that Respondents subsequently refused to return ZVG to Germany, refused to let Petitioner visit with the child or speak with the child by telephone, and refused to tell Petitioner where the child presently is. Petitioner believes the child presently is in Oregon, most likely in the Medford Division of this judicial district, which is where Respondents Ted and Bonnie Duell reside.

Petitioner represents that she has sole legal custody of the child, and offers documents to substantiate that claim. Petitioner further alleges that Germany is the child's Place of Habitual Residence under The Convention.

In April 2009, Respondents Ted and Bonnie Duell reportedly commenced a guardianship proceeding in the Circuit Court for the State of Oregon, Klamath County, Case No. 0901641CV.

The present petition was filed on August 27, 2009, approximately one year after Petitioner returned to Germany.
/ / / /

2 -   TEMPORARY RESTRAINING ORDER *NE EXEAT* (EX PARTE)

**Legal Standards**

A TRO is intended to preserve the status quo until the court can rule upon the application for a preliminary injunction. Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 2951 (1995). Until recently, precedent in this circuit required the moving party to show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Id. Serious questions are those sufficiently substantial to warrant further consideration by the court and to present fair ground for litigation. See Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir. 1991). The court must also consider the public interest, if applicable. American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).

In Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008), the Supreme Court disapproved the Ninth Circuit's standard, in so far as it required only a "possibility of irreparable injury" instead of a showing that irreparable injury is "likely" to result unless the injunction is granted. Id. at 375. Winter addressed only the standard for granting a preliminary injunction. It remains to be seen whether the Winter standard will also be applied to applications for a temporary restraining order, which seek to preserve the status quo for a brief time until the parties can be heard more fully. / / / /

3 -   TEMPORARY RESTRAINING ORDER *NE EXEAT* (EX PARTE)

It also remains to be seen whether, under this new standard, a district court may properly consider the gravity of the potential harm to be averted, *i.e.*, whether a 49% probability of a very grave injury is insufficient to warrant an injunction, but a 51% probability of a lesser injury is sufficient.

For purposes of the present motion, the Court will apply the stricter standard.

### Discussion

The Convention seeks to return children (under age 16) to their country of habitual residence for resolution of any custody dispute, and to avoid international forum-shopping. See England v. England, 234 F.3d 268, 271 (5th Cir. 2000); Lalo v. Malca, 318 F. Supp. 2d 1152, 1154 (S. D. Fla. 2004); Journe v. Journe, 911 F. Supp. 43, 46 (D. P.R. 1995).

The Convention establishes a very strong presumption in favor of returning the child to the country of habitual residence. This is not the time to decide which is the better parent or more deserving of custody. Blondin v. Dubois, 189 F.3d 240, 246 (2d Cir. 1999). Any custody disputes or concerns should be resolved in the courts of the home country. Friedrich v. Friedrich, 983 F.2d 1396, 1403 (6th Cir. 1993); Journe, 911 F. Supp. at 46.

At this stage in the present proceedings, the Court is not deciding whether ZVG should be returned to Germany. Based upon the limited record presently before the Court, Petitioner has

4 - TEMPORARY RESTRAINING ORDER *NE EXEAT* (EX PARTE)

made a sufficient showing of likelihood of success to satisfy the <u>Winter</u> standard. From the materials furnished by Petitioner, there also appears to be a substantial risk that one or more Respondents might take steps to conceal the child or to remove the child from this District. In addition, Petitioner fears that Respondent Gooch might harm himself and/or the child, and she has provided specific reasons for such concern.

The Court has authority to prevent a child's concealment or removal from the District until the Petition is ruled upon. 42 U.S.C. § 11604(a); Fed. R. Civ. P. 65.

Given the strong emotions frequently aroused in child custody matters, the representations made to the Court by Petitioner, and the very serious irreparable harm that is likely to result both to the child and to Petitioner in the event the child is wrongly removed from this jurisdiction or harmed, a Temporary Restraining Order is justified to preserve the status quo pending a hearing.

For purposes of Fed. R. Civ. P. 65(b), Petitioner has made a sufficient showing that unless the injunction is granted, she may sustain immediate and irreparable injury before there is an opportunity to hear from all parties. From the present record, it does not appear that irreparable harm to Respondents will result from the granting of this temporary injunction. The balance of hardships tips sharply in favor of Petitioner.

/ / / /

Issuance of an injunction without prior notice to Respondents is necessary due to the serious possibility (judging by Petitioner's submissions) that the child might be concealed or taken from this state before the injunction can be served.  In addition, the exact whereabouts of Respondent Gooch are unclear.

The Court, in the exercise of its discretion, declines to require Petitioner to post a bond as a condition of obtaining this injunction.

### A.   Temporary Restraining Order

RESPONDENTS JOSEPH DANIEL GOOCH, TED DUELL, AND BONNIE DUELL, their agents, and all others acting in concert with them, are HEREBY ENJOINED from taking the child ZVG, or allowing the child to be taken, outside the State of Oregon without express written authorization from this Court.  The Court will not hesitate to order the arrest of any person who violates this injunction.

RESPONDENTS JOSEPH DANIEL GOOCH, TED DUELL, AND BONNIE DUELL, their agents, and all others acting in concert with them, are FURTHER ENJOINED from concealing ZVG or changing ZVG's physical place of residence without express written authorization from this Court.

RESPONDENTS JOSEPH DANIEL GOOCH, TED DUELL, AND BONNIE DUELL shall deliver to the United States Marshal, for safekeeping, any passport for ZVG that is in Respondents' possession, custody, or control, and shall further notify the Marshal if Respondents know

of any person having possession of such a passport. The United States Marshal is authorized to receive and to hold any such passport pending further instructions from this Court.

This Temporary Restraining Order is effective immediately, and shall remain in effect until 5:00 p.m. on November 4, 2009, unless this court extends or modifies the injunction or enters an order terminating the injunction sooner. Any extension of this injunction will be effective immediately regardless of whether it has yet been physically served upon an individual. In other words, before taking any action that would violate the injunction, Respondents and all others must check with the Clerk of the Court and specifically verify that the injunction has not been extended.

**B.    Service.**

The United States Marshal shall serve Summons upon each Respondent, along with copies of the Petition (docket # 3), the Declaration of Petitioner Establishing Habitual Residence of the Child (# 6), and the Request for Issuance of Temporary Restraining Order (# 7), with all attachments thereto.

**C.    Hearing on Whether to Extend, Modify or Dissolve the Injunction.**

The Court will conduct a hearing on Tuesday, November 3, 2009, at 1:30 p.m., at the James A. Redden United States Courthouse at 310 West Sixth Street, in Medford, Oregon, and hear any arguments for extending, modifying, or dissolving this

injunction. Respondents may appear personally or through counsel. Upon request and with sufficient justification, the Court will consider allowing a party to appear via telephone, provided the Court has proof that the child ZVG is safe and the whereabouts of the child are disclosed to this Court.

Any written submissions must be received by the Clerk no later than November 2, 2009, to ensure the Court has sufficient time to consider the material prior to the hearing.

**D.  Trial.**

A court trial on whether to grant the Petition to return ZVG to Germany is set for Monday, December 14, 2009, commencing at 1:30 p.m., at the James A. Redden United States Courthouse at 310 West Sixth Street, Medford, Oregon.

IT IS SO ORDERED.

DATED this 21st day of October, 2009, at 3:00 P.M.

                                         *[signature]*
                                         OWEN M. PANNER
                                         UNITED STATES DISTRICT JUDGE

8 -   TEMPORARY RESTRAINING ORDER *NE EXEAT* (EX PARTE)